## Case No. 6,303.

### HEARNE v. BARRY.

[3 Cranch, C. C. 168.] [1]

Circuit Court, District of Columbia. May Term, 1827.

REAL ESTATE — SALE UNDER DECREE OF COURT—FAILURE TO PAY PURCHASE-MONEY—RESALE.

If the purchaser of lots at a sale under a decree of this court, neglects to pay the purchase-money, and suffers them to be sold for taxes, the court will, upon the petition of the trustee, order so much of the property to be resold, as will pay the taxes and redeem the residue.

Robert Barry had become the purchaser of certain lots in Washington, under a decree of the court in this cause, but had not paid the purchase-money, and had permitted the lots to be sold for taxes, and to be bought in by his son, for a very small price. The time for redeeming them will expire on the 15th of June next. Griffith Coombe, the trustee appointed by this court to make the sale, petitioned the court to order so much of the property to be resold, as would be sufficient to redeem the residue under the corporation laws; and obtained a rule to show cause, &c., which was served upon Mr. Barry and his son.

Mr. Worthington and Mr. Coxe, for the Barrys, contended that this court has no power to order a resale. That Robert Barry, Junior, (the son) the purchaser at the tax-sale, is not a party to this suit, and his right as a purchaser cannot be affected. How could a purchaser under such a resale, maintain ejectment? This court has refused to order a purchaser under its decree, to complete his purchase, so as to bring him into contempt.

Mr. Jones, contra. This court will not assist a forfeiture. The sale will not affect the inchoate right of R. B., Jun. The purchaser will take it subject to his right, at the tax-sale. The court always retains the right of resale if the purchase-money be not paid. The court will not suffer the real security to be lost, if the loss can be prevented.

Mr. Coxe cited the case of Oats et al. v. Ladd [unreported].

THE COURT ordered a resale of so much as would redeem the residue.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]